**FRANKS v. REPUBLIC PRODUCTION CO. et al.**

No. 2076.

Court of Appeal of Louisiana. First Circuit.

Jan. 30, 1940.

E. L. Stewart, of DeRidder, for appellant.

McCoy, King & Jones and Pujo, Hardin & Porter, all of Lake Charles, for appellee.

DORE, Judge.

This is a suit to recover compensation, under the Workmen's Compensation Act, Act No. 20 of 1914, at the rate of $12.28½ per week for a period not to exceed 400 weeks, beginning October 10, 1938. Plaintiff alleges that on October 10, 1938, while in the course of his employment by Clayton Z. Pope, an independent contractor, engaged in clearing ground for the building of a warehouse for Pope's principal, the Republic Production Company, he cut a small tree, and when the said tree fell, he was struck on the right side of his head, resulting in a painful and permanent injury to his ear drum and total loss of hearing in the right ear, incapacitating him from again performing manual labor, the type of work for which he is fitted. He names, as defendants, Clayton Z. Pope, the contractor; the Republic Production Company, Pope's principal; the Federal Underwriters Insurance Company, Pope's insurance carrier; and the Zurich General Accident & Liability Insurance Company, Ltd., insurance carrier of the Republic Production Company.

The defendants, in effect, admit the employment of plaintiff by Clayton Z. Pope, contractor for the Republic Production Company, and admit that plaintiff suffered the accident alleged on October 10, 1938, but deny that he has any compensable injury resulting therefrom, contending that such disability as he may have is attributable to a cause or causes in no way connected with the accident. The defendants, Republic Production Company and Zurich General Accident & Liability Company, Ltd., plead, in the alternative, that, since Pope is an independent contractor, they are entitled to recover from him and his insurer, the Federal Underwriters Insurance Company, in solido, any judgment that plaintiff might recover from them or either of them.

On hearing of the case, the trial court found that the injury which plaintiff received as a result of an accident in the course of his employment, on October 10, 1938, did not cause any loss of hearing and that plaintiff had failed to prove by a preponderance of the evidence that he had suffered a compensable injury, and dismiss-

ed plaintiff's suit, as to the defendants, Clayton Z. Pope, Federal Underwriters Insurance Company and Republic Production Company. The plaintiff has appealed.

The defendant, Zurich General Accident & Liability Insurance Company, has answered the appeal maintaining that the judgment should be amended so as to include it among the defendants in whose favor judgment is rendered dismissing plaintiff's suit.

It is obvious that failure to include the defendant Zurich General Accident & Liability Insurance Company in the judgment below was an inadvertence, and the only material question presented to us on appeal is whether or not the lower court erred in its finding of fact on which the judgment of dismissal is based.

A review of the evidence reveals that there is no doubt that a limb or brush from a tree struck plaintiff on the right side of his head while he was engaged in clearing land for his employer, Clayton Z. Pope, on October 10, 1938, and that at present he is suffering from partial deafness. The main question presented in the case is whether or not it is established by the evidence that his present deafness was caused, wholly or partly, by the blow sustained in the accident.

It is shown that shortly after the accident, Mr. Pope, plaintiff's employer, took plaintiff to Dr. George Lyons for examination and treatment; that Dr. Lyons, a general practitioner, found nothing more than a small abrasion on the outer channel of the right ear, but did not have the equipment necessary to examine the ear drum; that a day or two later plaintiff was taken by his employer to Dr. Douglas, another general practitioner, who also found a small abrasion or scratch in the external canal of the right ear, and who, upon examining the ear drum, found no sign of a puncture, but did find evidence of a catarrhal condition about the drum.

It appears that thereafter plaintiff, on his own initiative consulted Drs. Frazar, Moody, Sam Lyons and Moss.

Dr. Frazar, a general practitioner, testifies that he found a penetration in the right ear drum, and found evidence that the ear had been bleeding; that he treated plaintiff for several days and advised him to consult an ear specialist. That part of Dr. Frazar's testimony corroborates, to some extent, plaintiff's testimony to the effect that the inside of his ear bled for several days

after the accident, and that he suffered pain from his ear for several days following the accident. It may be noted, however, that Dr. Frazar also found a condition of catarrahal otitis, and could not state whether plaintiff's present deafness was caused by the blow suffered in the accident or by this catarrhal condition.

Following Dr. Frazar's advice, plaintiff consulted Dr. Moody, an ear specialist, on October 31, 1938, and again on January 5, 1939. Dr. Moody, in his first examination, found a large tear of the drum membrane, according to a report which he sent to Dr. Frazar. At the trial, Dr. Moody, testified that in this examination, as well as in the second examination of plaintiff, he found a condition of catarrhal otitis, which he states is the cause of plaintiff's present deafness.

The other two physicians whom plaintiff consulted; namely Dr. Sam Lyons and Dr. Moss, both ear specialists, found that plaintiff had a loss of hearing in both ears, mostly in the right; that there was a retraction of the drums, but no sign of a puncture of the drum of either ear; that there was a condition of catarrhal otitis which caused the loss of hearing.

It is shown that the plaintiff resumed his work, after his visit to Dr. George Lyons, on the day of the accident, and worked for the rest of the day and full time for three days following, apparently with no difference in his efficiency, and that he was then discharged because of a reduction in the crew and not because of any disability or inefficiency which might be attributable to disability.

Plaintiff and several lay witnesses testify that prior to the accident his hearing was normal, and it is apparently plaintiff's contention that since deafness has followed the accident it should be attributed to the blow sustained therein. It is, of course, not necessarily true that what follows an incident is the result of the incident, especially, as in this case, when the evidence points to an independent cause. Some of the testimony might create the impression that possibly plaintiff's hearing was partially affected by the blow sustained in the accident; but the clear preponderance of the evidence, especially the testimony of the experts, is to the effect that plaintiff's deafness is attributable to a condition of catarrhal otitis which could not have been caused by trauma. Moreover, the fact that plaintiff was able to continue doing full time on his job shortly after

the accident and until it expired a few days thereafter, without any apparent let-up in his efficiency, indicates that the blow he suffered did not destroy or seriously impair his hearing; it would seem that if the blow had seriously damaged the ear drum, as claimed, the effect on his hearing would have been felt at the time of the accident or very shortly thereafter.

In any event, we cannot say that the trial court, who had the advantage over us of seeing and hearing the plaintiff and the witnesses, committed any manifest error in finding that plaintiff had failed to establish by a preponderance of the evidence that his present condition of deafness, or any compensable injury, was caused by the blow sustained by him on October 10, 1938.

For the reasons assigned, the judgment below is amended so as to include the Zurich General Accident & Liability Insurance Company among the other defendants in whose favor the suit is dismissed, and, as thus amended, it is affirmed.